```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 07-61738-CIV-ZLOCH
```

CAROLINA ACQUISITION, LLC,

    Plaintiff,

vs.                                                   **O R D E R**

DOUBLE BILLED, LLC, et al.

    Defendants.

_____/

THIS MATTER is before the Court upon Defendants HMY Yacht Sales, Inc. and Jim Barboni's Motion For Summary Judgment (DE 49), and Defendants Double Billed, LLC and Richard Talbert, Jr.'s Motion For Summary Judgment (DE 50). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

## I. Background

Plaintiff Carolina Acquisition, LLC, initiated the above-styled cause with the filing of a Complaint (DE 1) related to the purchase of a 2005 Twin Screw 66½ foot fiberglass motor yacht (hereinafter "Boat"). In March of 2007, Plaintiff negotiated with Defendants Double Billed, LLC, Richard C. Talbert, Jr., HMY Yacht Sales, Inc., and Jim Barboni to purchase the Boat. After several rounds of negotiation and inspection in Florida, the sale was executed. However, when Plaintiff put the Boat into the water for

delivery to New England, serious structural flaws were discovered. Upon further inspection, the Boat was determined to be unsafe to operate, structurally unsound, and not built to the designer's structural specifications.  Plaintiff now sues all Defendants alleging fraud, negligence, deceptive and unfair trade practices, and mutual mistake.

Plaintiff's allegations, in essence, claim that Defendants Double Billed, LLC, Richard C. Talbert, Jr., HMY Yacht Sales, Inc., and Jim Barboni misrepresented the seaworthiness of the Boat and impeded Plaintiff from properly inspecting it prior to the sale. Plaintiff claims that these Defendants did so by sealing off certain areas of the Boat to prevent inspection and access, and by assuring Plaintiff that everything in those areas was in excellent condition.  Further, Plaintiff claims that Defendants Double Billed, LLC, Richard C. Talbert, Jr., HMY Yacht Sales, Inc., and Jim Barboni intentionally presented core-samples to him and misrepresented the samples as being from the Boat's own hull, to demonstrate the structural integrity of the vessel and further prevent Plaintiff from discovering its defects.

In response, Defendants Double Billed, LLC, Richard C. Talbert, Jr., HMY Yacht Sales, Inc., and Jim Barboni deny these claims, arguing that they made no such misrepresentations.  They assert that their sales behavior was both fair and legitimate.

Further, these Defendants contend that the Boat was sold to the Plaintiff "as is," with no express or implied warranties. They have filed the instant Motions For Summary Judgment (DE Nos. 49 and 50), asserting as to Counts I, II, III, IV, VII, VIII and IX that judgment should be entered against Plaintiff as a matter of law.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." The party seeking summary judgment

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quotation omitted). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Further, the evidence of the non-movant is be believed, and all justifiable inferences are to be drawn in the light most favorable to him. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### III. Analysis

Plaintiff's Complaint has nine operative counts and Defendants Double Billed, LLC, Richard C. Talbert, Jr., HMY Yacht Sales, Inc., and Jim Barboni move for summary judgment on seven of them. Counts V and VI involve Defendants that are not parties to these Motions and will not be addressed. Counts I through IV allege fraudulent inducement against each of the four Defendants individually. All four Defendants are charged with violating Florida's Unfair & Deceptive Trade Practices Act in Count VII. Counts VIII and IX allege that the Parties' Agreement is void and may be rescinded on the basis of fraud and mutual mistake, respectively.

The Court finds, after a careful review of the entire court record herein, that there exist several material facts in dispute that preclude the entry of summary judgment. Material facts that

4

remain in dispute include but are not limited to Plaintiff's allegation that certain areas of the Boat were sealed off at the time of the inspection conducted prior to the purchase, and that core-samples were provided by the Defendants to the Plaintiff and were falsely represented as being from the Boat's own hull, all in an attempt to prevent Plaintiff from discovering the Boat's defects.  Reference by the Court to these examples should not be construed to limit a subsequent trial to these issues alone.

The Court also notes that "[o]rdinarily, the issue of fraud is not a proper subject of a summary judgment.  Fraud is a subtle thing, requiring a full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute a fraud." *Lab. Corp. of Am. v. Prof'l Recovery Network*, 813 So.2d 266, 271 (Fla. Dist. Ct. App. 2002) (citation omitted).  In the instant Motions For Summary Judgment, Defendants rely heavily upon their contention that Plaintiff purchased the Boat "as is."  The invocation of *caveat emptor* in an arms length transaction is powerful; however, it is not absolute in its reach.  That is, let the seller beware that the doctrine of *caveat emptor* will not shield fraud or deception.  *Federal Trade Commission v. Standard Education Soc.*, 302 U.S. 112, 116 (1937). "[W]here there is fraudulent inducement of a contract, the fraudulent

5

misrepresentation vitiates every part of the contract, including any 'as is' clause." *D & M Jupiter, Inc., v. Friedopfer*, 853 So. 2d 485, 489 (Fla. Dist. Ct. App. 2003).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendants HMY Yacht Sales, Inc. and Jim Barboni's Motion For Summary Judgment (DE 49), and Defendants Double Billed, LLC and Richard Talbert, Jr.'s Motion For Summary Judgment (DE 50) be and the same are hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____30th____ day of September, 2009.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record