UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61738-CIV-ZLOCH

CAROLINA ACQUISITION, LLC,

      Plaintiff,                        **O R D E R**

vs.

JIM BARBONI and HMY YACHT SALES,
INC.,

      Defendants.

_____/


    THIS MATTER is before the Court upon Defendant HMY Yacht Sales, Inc.'s Emergency Motion To Dissolve Writ Of Garnishment; And Defendant HMY Yacht Sales, Inc. And Jim Barboni's Emergency Motion To Stay Execution And Other Proceedings To Enforce Judgment During The Pendency Of Defendants' Post-Trial Motions (DE 294). The Court has carefully reviewed said Motions, the entire court file and is otherwise fully advised in the premises.

    The above-styled cause came before the Court for a trial by jury. The issues were tried and the jury rendered its verdict on April 28, 2010 (DE 257). The jury unanimously found in favor of the Defendants on Plaintiff's claims alleging fraudulent inducement and violation of the Florida Deceptive and Unfair Trade Practices Act, and in favor of Plaintiff on its negligent misrepresentation claim. See DE 257. Plaintiff was awarded damages for negligent

misrepresentation in the amount of two million dollars ($2,000,000.00) . The jury found that Defendant HMY Yacht Sales, Inc., was eighty-five (85%) percent liable for Plaintiff Carolina Acquisition, LLC's damages for negligent misrepresentation and that Defendant Jim Barboni was five (5%) percent liable for Plaintiff Carolina Acquisition, LLC's damages for negligent misrepresentation. Consequently, HMY Yacht Sales, Inc., was found liable to Plaintiff Carolina Acquisition, LLC for eighty-five (85%) percent of two million dollars ($2,000,000.00), which is one million seven hundred thousand dollars ($1,700,000.00); and Defendant Jim Barboni was found liable to Plaintiff Carolina Acquisition, LLC for five (5%) percent of two million dollars ($2,000,000.00), which is one hundred thousand dollars ($100,000.00).  Accordingly, Final Judgment was entered by the Court on May 4, 2010.  See DE 260. Thereafter, Defendants filed their Renewed Motion For Judgment As A Matter Of Law And, In The Alternative, Motion For New Trial, And Alternative Motion For Remittitur (DE 280).

On June 16, 2010, Plaintiff filed a Motion For Issuance Of  A Writ Of Garnishment (DE 291), which was issued by the Clerk of the Court.  See DE 292.  Garnishee, Bank of America, N.A., was served with the Writ on June 17, 2010, and filed its Answer the same day. See DE 293.

By the instant Motions (DE 294), Defendants seek dissolution

2

of the previously entered Writ Of Garnishment (DE 291), or, in the alternative, a stay on execution and other proceedings to enforce the Judgment during the pendency of their post-trial Motions (DE 280).

Distilled to its essence, Defendants' position regarding the matter of dissolution is that the filing of their post-trial Motion (DE 280) served to prevent the Court's Final Judgment (DE 260) from becoming "final" for the purposes of issuing a writ of garnishment and that Local Rule 62.1 extended the automatic stay in this matter until 30 days following the Court's disposition of their pending post-trial Motions.  See DE 294.  Thus, according to Defendants, the automatic stay imposed by Federal Rule 62(a) remains in effect pursuant to Local Rule 62.1(b) until 30 days following the Court's ruling on their outstanding post-trial Motions (DE 280).

Local Rule 62.1 of the Southern District of Florida provides, in pertinent part:

> (b) **Extension of Automatic Stay When Notice of Appeal Filed.** If within the fourteen (14) day period established by Federal Rule of Civil Procedure 62(a), a party files any of the motions contemplated in Federal Rule of Civil Procedure 62(b), or a notice of appeal, then unless otherwise ordered by the Court, a further stay shall exist for a period not to exceed thirty (30) days from the entry of the judgment or order.  The purpose of this additional stay is to permit the filing of a supersedeas bond, which shall be filed by the end of the thirty (30) day period provided herein.

S.D. Fla. L. R. 62.1(b).  It is undisputed by the Parties that the

3

post-trial Motions contained in the single filing of May 28, 2010,

(DE 280) qualify as motions contemplated in Federal Rule 62(b).[1]

Thus, the Parties agree that Local Rule 62.1 acts to extend the

automatic stay of Federal Rule 62(a); however, they disagree as to

the event from which such extension is measured.

Defendants contend that the word "order" in Local Rule 62.1(b)

necessarily refers to the order disposing of an appropriate Federal

Rule 62(b) post-trial motion and therefore the automatic stay

established by Federal Rule 62(a) is extended to 30 days after the

court order ruling on the post-trial Motions and not 30 days after

the entry of Final Judgment.   Defendants' position offers no

explanation as to the alternative measuring event of "judgment"

found in Local Rule 62.1(b).   In its Response (DE 296) to the

instant Motions, Plaintiff contends that Local Rule 62.1(b) sets

the time frame for the extention of the automatic stay to 30 days

from the date of the entry of Final Judgment.

The Court entered Final Judgment in this case on May 4, 2010.

---

[1] In their Motion of May 18, 2010, (DE 280) Defendants moved
for judgment as a matter of law, for a new trial, and for
remittitur.  Rule 62(b) of the Federal Rules of Civil Procedure
allows, on terms appropriate to ensure the opposing party's
security, the court to stay the execution of a judgment pending
disposition of certain post-trial motions, including a motion for
judgment as a matter of law, under Rule 50, and a motion for a
new trial or to alter or amend a judgment, under Rule 59.  See
Fed. R. Civ. P. 62(b).

Pursuant to Federal Rule of Civil Procedure 62(a),[2] an automatic stay of execution was in effect until May 18, 2010, fourteen days following entry of Final Judgment.  Upon the filing of Defendants' post-trial Motions (DE 280), Local Rule 62.1 clearly acted to extend the automatic stay for a time period.  However, the Court does not agree that the stay was extended by the Local Rule to expire 30 days from the Court's disposition of Defendants' pending post-trial Motions.  Rather, the "judgment or order" referred to by the Local Rule refers to that judgment or order initiating the automatic stay of Federal Rule 62.

In this case, the "judgment or order" from which the 30-day time frame set forth in Local Rule 62.1 is measured, is the Final Judgment entered by this Court on May 4, 2010.  Accordingly, Local Rule 62.1 extended the automatic stay until no later than June 3, 2010, thirty days from the entry of the operative judgment.  See S.D. Fla. L.R. 62.1(b).  Thus, the Court does not find that the Writ Of Garnishment was improperly issued and the instant Motion To Dissolve the same will be denied.

However, Defendants represent that in the event the Court finds their interpretation of Local Rule 62.1(b) to be erroneous,

---

[2] Federal Rule 62(a) provides, in relevant part, "[N]o execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry."  Fed. R. Civ. P. 62(a).

they stand "ready, willing and able to post a supercedeas bond in the amount of 110% of the Judgment against them."   DE 294, ¶ 10. Having determined their interpretation of the Local Rule to be flawed, the Court will extend Defendants the opportunity to post a supercedeas bond in the amount of $1,980,000.00, 110% of the amount of the $1,800,000.00 Judgment, as required by the Local Rules. See S.D. Fla. L.R. 62.1(a).  Upon the filing of the same, and pursuant to Federal Rule 62(b), the Court will stay the execution of its previously entered Final Judgment pending disposition of Defendants' post-trial Motions (DE 280).

Accordingly, after due consideration, it is

**ORDERED and ADJUDGED** as follows:

1. Defendant HMY Yacht Sales, Inc.'s Emergency Motion To Dissolve Writ Of Garnishment (294) be and the same is hereby **DENIED;**

2. Defendant HMY Yacht Sales, Inc. And Jim Barboni's Emergency Motion To Stay Execution And Other Proceedings To Enforce Judgment During The Pendency Of Defendants' Post-Trial Motions (DE 294) be and the same is hereby **GRANTED** as follows:

    A. Upon Defendants' posting of a supersedeas bond in the amount of $1,980,000.00 with the Clerk of the Court, and pursuant to Rule 62(b) of the Federal Rules of Civil

6

Procedure, execution of the Final Judgment in the above-styled cause be and the same is hereby **STAYED** pending disposition of Defendant's post-trial Motions (DE 280); and

3. Prior to the posting of said bond, no stay shall issue.

**DONE and ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____22nd____ of June, 2010.

_____
William J. Zloch
United States District Judge

Copies furnished to:

All Counsel of Record